PETER SHIELDS (HARRY DARLINGTON, JR., ASSIGNEE), PLAINTIFF, v. CAPE MAY REAL ESTATE COMPANY (FRANK D. SCHROTH, RECEIVER, SUBSTITUTED), DEFENDANT.

Submitted May 14, 1926—Decided January 18, 1927.

**Judgments—Vacation—Judgment on Bond and Warrant Executed by a Corporation, Through Its President, Upon the Authority of a Majority of the Directors, Afterward Ratified by the Entire Board, to Himself For Moneys Expended For the Corporation's Benefit—Several Technical Grounds For Vacation Advanced, None of Which Can Impeach Its Validity—Such Judgments are Voidable at the Instance of the Corporation Itself, but Only if the Action is Taken Within a Reasonable Time.**

On rule to open judgment.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Lindley M. Garrison.*

*Contra, McCarter & English.*

PER CURIAM.

This is an application to the court to open and declare void a judgment in favor of Peter Shields (now assigned to Harry Darlington, Jr.) against the Cape May Real Estate Company. The judgment was entered October 24th, 1917, on a bond and warrant dated October 20th, 1917, in the penal sum of $62,083.50 conditioned for the payment of $31,041.75. The bond itself was executed on behalf of the company by Peter Shields, its president, upon the authorization of a majority of the board of directors present at a meeting held October 20th, 1917, and this action was afterward ratified by the entire board.

The rule to show cause is dated October 28th, 1920, and was obtained by the defendant itself. It was not pressed at

the time it was granted, but at a later date, a receiver being appointed, the latter's counsel, substituted as attorney for the defendant, prosecuted the rule.

The attack on the judgment is based upon several grounds of highly technical character, none of which in our opinion successful impeach its validity or the meritorious basis on which it rested. It was given by the corporation for moneys expended by Shields for its benefit and for services rendered in effecting an advantageous sale of a portion of its property.

While it was confessed by Shields as president he acted by authority of the board of directors. Such a judgment, it is claimed, is voidable at the instance of the corporation itself, but this is only true if the action to annul is taken within a reasonable time. *Stewart* v. *Lehigh Valley Railroad Co.,* 38 *N. J. L.* 505. The record shows that a number of meetings, annual and special, of the stockholders were held subsequently; that at none of them was there objection to the giving of the judgment or repudiation of the action of the directors or officers of the corporation in thus securing Shields' claim. After the granting of the rule it was permitted to lie dormant until the fall of 1925, when depositions were taken under it.

Such a record exhibits laches in the extreme and is not a repudiation within the reasonable time contemplated by the decisions of our court of last resort.

The rule to show cause is discharged.